# CORRECTED JUDGMENT

United States District Court
Central District of California

UNITED STATES OF AMERICA vs.
Defendant's Name __Brynn Garrett Downey__
& Residence __466 S. Anaheim Hills Rd. #221__
Address__Anaheim Hills, CA 92807__

Docket No. CR - __96-928; & 96-928(A)-JSL__

Social Security No. __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__

## JUDGMENT AND PROBATION/COMMITMENT ORDER

In the presence of the attorney for the government, the defendant appeared in person on this date. __March 8, 1999__.

**COUNSEL**  WITH COUNSEL __Victor Sherman__, Retained
(Name of Counsel)

**PLEA**  **GUILTY**, and the Court being satisfied that there is a factual basis for the plea.   ___ NOLO CONTENDERE ___ NOT GUILTY

**FINDING**  There being a finding/verdict of GUILTY, defendant has been convicted as charged on the offense(s) of:
**Conspiracy to distribute and to Possess with Intent to Distribute Marijuana, in violation of 21 USC 846; 841(a)(1) in CR 96-928; and Subscribing to False Returns, in violation of Title 26 USC 7206(1) as charged in Count 1-3 of the Information.**

**JUDGMENT AND PROB./ COMMITMENT ORDER**  The Court asked whether defendant had anything to say why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of: **30 months on each of Count 1 of 96-928 and 30 months on each of Counts 1 through 3 of 96-928(A) of the Indictment, all to be served concurrently. Upon release from imprisonment, the defendant shall be placed on supervised release for a term of five years under the following terms and conditions: This term consists of five years on Count 1 of 96-928 and one (1) year on each of Counts 1 through 3 of 96-928(A), all such terms to run concurrently. It is ordered that the defendant shall pay to the United States a total fine of $15,000, which shall bear interest as provided by law. Nominal fine payments are ordered as the court finds that the defendant's economic circumstances do not allow for immediate payment of the amount ordered. During the period of incarceration the defendant shall pay quarterly fine installments of at least $25. Upon the commencement of community supervision, the defendant shall pay quarterly fine installments of $750 during the period of supervision. 1) The defendant shall comply with the rules and regulations of the U.S. Probation Office and General Order 318; 2) The defendant shall participate in outpatient substance abuse treatment and submit to drug and alcohol testing, as instructed by the Probation Officer. The defendant shall abstain from using illicit drugs and alcohol, and abusing prescription medications during the period of supervision; 3) If the amount of any mandatory assessment imposed by this judgment remains unpaid at the commencement of the term of community supervision, the defendant shall pay such remainder as directed by the Probation Officer. To this end, the defendant shall pay $1,500 per quarter; 4) The defendant shall notify the Court of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution or special assessments; 5) Upon commencement of community supervision, the defendant shall make quarterly fine payments in the amount of $750, during the period of supervision; 6) As directed by the Probation Officer, the defendant shall provide to the Probation Officer an accurate financial statement, with supporting documentation, as to all sources and amounts of income and all expenses of the defendant. In addition, the defendant shall provide federal and state income tax returns as requested by the Probation Officer; 7) The defendant shall truthfully and timely file and pay taxes owed for the years of conviction; and shall truthfully and timely file and pay taxes during the period of community supervision. Further, the defendant shall show proof to the Probation Officer of compliance with this order. It is further ordered that the defendant shall pay to the United States a special assessment of $400. Execution of sentence is stayed until 12 noon June 1, 1999 at which time the defendant shall surrender to the institution designated by the Bureau of Prisons or in the absence of said designation. The defendant shall report to the US Marshal's office in Los Angeles. The Court recommends placement at a facility that offers drug treatment.**

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release set out on the reverse side of this judgment be imposed. The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

This is a direct commitment to the Bureau of Prisons, and the Court has NO OBJECTION should the Bureau of Prisons designate defendant to a Community Corrections Center.

Signed By. U.S. District Judge _____
J. SPENCER LETTS

It is ordered that the Clerk deliver a certified copy of this Judgment and Probation/Commitment Order to the U S Marshal or other qualified officer.

SHERRI R. CARTER, CLERK

Dated/Filed: __6/4/99__

BY: Nancy J. Webb, Deputy Clerk

## STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this Judgment:

1. The defendant shall not commit another Federal, State or local crime;

2. the defendant shall not leave the judicial district without the written permission of the court or probation officer;

3. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

4. the defendant shall answer truthfully all inquires by the probation officer and follow the instructions of the probation officer;

5. the defendant shall support his or her dependents and meet other family responsibilities;

6. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

7. the defendant shall notify the probation officer within 72 hours of any change in residence or employment;

8. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;

9. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;

10. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

11. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

12. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;

13. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

14. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to conform the defendant's compliance with such notification requirement;

15. the defendant shall not possess a firearm or other dangerous weapon;

16. the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours

These conditions are in addition to any other conditions imposed by this Judgment.

## RETURN

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____

Defendant noted appeal on _____

Defendant released on _____

Mandate issued on _____

Defendant's appeal determined on _____

Defendant delivered on _____ to _____

at _____, the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

UNITED STATES MARSHAL

DATED:_____   by:_____

## CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

CLERK, U.S. DISTRICT COURT

DATED:_____   BY: _____

JSL-(10/97)                    JUDGMENT AND PROBATION/COMMITMENT ORDER